**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymundo Montenegro SAUCEDO,**
**a/k/a Raymond Montenegro Saucedo**
**and Raymundo Saucedo–Montenegro,**
**Defendant–Appellant.**

No. 05–50650.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Becky S. Walker, Esq., Antoine F. Raphael, AUSA, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Raymundo Montenegro Saucedo appeals from his jury-trial conviction and 156–month sentence imposed for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846, possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Saucedo's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. Saucedo filed a pro se supplemental brief, in which he contended that he was entrapped by the government informant. However, Saucedo never raised

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this defense at trial and it is not properly before this panel for the first time on appeal. *See United States v. Davis,* 36 F.3d 1424, 1430 (9th Cir.1994) (internal quotations omitted) ("It is inappropriate for an appellate court to determine whether a defendant was entrapped when such a determination would necessarily entail choosing between conflicting witnesses and judging credibility.").

Our independent review of the briefs and the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no grounds for relief on direct appeal.

Counsel's motion to withdraw is **GRANTED,** and the government's motion to dismiss is denied.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.